## WILLIAMS v. UNION PAC. R. CO.
### Civ. No. 24–50.

United States District Court
D. Nebraska, Lincoln Division.

Oct. 9, 1950.

Everett C. Pilcher (Pilcher & Haney), of Omaha, Neb., and Robert V. Denney (Denney & Denney), of Fairbury, Neb., for plaintiff.

George C. Holdrege, C. B. Matthai and Robert B. Hamer, of Omaha, Neb., and Cline, Williams & Wright, of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

Ruling is now made upon a motion by the defendant for an order requiring the inclusion as additional parties plaintiff to this action of fifteen corporations engaged in the business of insurance against loss by fire and other casualties in connection with the first count of the complaint, and one of these several corporations only, in connection with each of its second and third counts. The setting in which the motion is tendered may be explained briefly.

In his petition filed in the District Court of Jefferson County, Nebraska, the plaintiff, on the alleged ground of the defendant's proximately causative negligence, demands judgment for damages in a large sum for the destruction by fire of certain property. In the first count of the pleading recovery is sought for the destruction of a building owned by the plaintiff and by him used as a livestock commission and auction site, together with such of its contents as were owned by the plaintiff. In each of two further counts recovery is claimed for the killing in and by the fire of a specified number of cattle belonging to a separate customer of the plaintiff's business who, after the occurrence, assigned his claim to the plaintiff.

The defendant seasonably procured the removal of the action to this court upon the unquestionably valid ground of diversity of citizenship and its presentation of a controversy exceeding in value $3,000.00.

28 U.S.C.A. §§ 1332(a) (1) and 1441. Thereafter, by the use of interrogatories, under Rule 33 Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant effected disclosure by the plaintiff that, at the time of the fire, he carried policies of fire insurance on his own destroyed property[1] in different amounts with the several insurance companies as insurers, the total amount of which coverage was substantially less than his alleged loss; that after the loss each insurance carrier, under an arrangement evidenced by an agreement executed by the plaintiff, copy of which is set out in a footnote[2], advanced to the plaintiff a sum of money equal to its coverage and prepaid but unearned premium, the aggregate amount of which payments was less than the loss allegedly sustained. By the same method it was ascertained that at the time of the fire the plaintiff carried a policy of insurance in respect of the property of others in his possession under which, with an agreement reflected in footnote 2, advancement was made of the full amount of the loss alleged in Count II, and of an amount equal to the coverage with unearned premium upon the property described in Count III, which payment constituted part, though not all, of the loss asserted in that count.

Upon motion under Rule 34, the plaintiff produced photographic copies of the several insurance policies, which had meanwhile been surrendered by the plaintiff to the respective insurers and in at least most instances cancelled.

The motion now under examination followed. As to Counts I and III of the petition it presents the contention that, the form of the advancement transactions notwithstanding, the transactions constituted payment by the several insurers of the full liability on their respective policies and partial payment of the loss in suit, on account of which the insurers are necessary parties along with the plaintiff in an action of this nature. And as to Count II the contention is that the advancement constituted full payment, upon which the insurer became the sole party in issue and the only proper plaintiff. Rules 17 and 19 are thus invoked.

If the defendant's premise that the transactions between the plaintiff and his several insurers involved their payment to him of all (in one instance) or part (in the others) of his claims were valid, then, under appropriate language in all of the policies, as well as by the act of payment itself, subrogation would arise; and under the rule applied in the United States Courts the insurers would be necessary parties; and under Count II of the petition the insurer involved would be the only proper party. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417. However, that assumption appears authoritatively to have been rejected.

Having in view a transaction and a "loan receipt" acknowledged in the present submission to be indistinguishable from the form used by the instant plaintiff and his insurers, the Supreme Court in Luckenbach v. W. J. McCahan Sugar Refining Co. 248 U.S. 139, 148, 149, 39 S.Ct. 53, 55, 63 L.Ed. 170, said, among other things: "Agreements of this nature have been a common practice in business for many

---

1. The first count also seeks recovery for loss of use of premises, which appears to have been unprotected by insurance.

2.  "Loan Receipt

$——                            —— 19—

Received From —— —— Dollars as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by —— to our property on or about —— 19—, or from any insurance effect-

ed by such person or persons, corporation or corporations.

As security for such repayment, we hereby pledge to said —— the said recovery and delivery to it all documents necessary to show our interest in said property, and we agree to enter and prosecute suit against such person or persons, corporation or corporations on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said ——

——"

years. Pennsylvania R. R. Co. v. Burr, [2 Cir.], 130 F. 847; Bradley v. Lehigh Valley R. R. Co., [2 Cir.], 153 F. 350. It is clear that if valid and enforced according to their terms, they accomplish the desired purpose. They supply the shipper promptly with money to the full extent of the indemnity or compensation to which he is entitled on account of the loss; and they preserve to the insurers the claim against the carrier to which by the general law of insurance, independently of special agreement, they would become subrogated upon payment by them of the loss. The carrier insists that the transaction, while in terms a loan, is in substance a payment of insurance; that to treat it as if it were a loan, is to follow the letter of the agreement and to disregard the actual facts; and that to give it effect as a loan is to sanction fiction and subterfuge. But no good reason appears either for questioning its legality or for denying its effect. * * * Whether the transfer of money or other thing shall operate as a payment, is ordinarily a matter which is determined by the intention of the parties to the transaction. Compare The Kimball, 3 Wall. 37, 44, 18 L.Ed. 50. The insurers could not have been obliged to pay until the condition of their liability—i. e., nonliability of the carrier—had been established. The shipper could not have been obliged to surrender to the insurers the conduct of the litigation against the carrier, until the insurers had paid. In consideration of securing them the right to conduct the litigation, the insurers made the advances. It is creditable to the ingenuity of business men that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice."

Speaking through Judge Gardner, the Court of Appeals, Eighth Circuit, in Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275, 278, 279, in the course of its consideration of the subject, cited and followed the Luckenbach case, saying:

"The practice of insurance companies in advancing funds to their insured in cases of loss of this character upon loan receipts is well established. It is said of the practice that it often relieves the insured from financial embarrassment and the courts have generally approved the commercial practice on the theory that the money advanced is in fact a loan, and the receipts are evidence of loans and not evidence of payment. * * *

" * * * The Luckenbach case supra is authority sustaining plaintiffs' contention that the Pennsylvania Life Insurance Company has not paid the loss but has only made a loan and that the cause of action in the insured has not been affected thereby. * * *

" * * * The Supreme Court of Tennessee has taken the view that a transaction such as disclosed by the loan receipts in the instant case, is not in fact a loan but must be considered as payment. But we think the weight of authority sustains the holding that in the absence of evidence to the contrary such adjustments constitute loans and not payments."

And that court advanced the theory that in such cases the right of a trustee of an express trust to maintain a suit in his name is to be regarded. It said: "It is urged that plaintiffs, having been compensated for the loss by the Pennsylvania Fire Insurance Company, are not the real parties in interest. They have the legal title to the claim and according to the allegations of the complaint the insurance company has the beneficial interest in the claim. Plaintiffs are trustees of an express trust, and it is generally held that such an action may be maintained in the name of the party having legal title though it is brought for the benefit of another. It is so held in Arkansas. Beekman Lumber Co. v. Kittrell, 80 Ark. 228, 96 S.W. 988. The Arkansas statute, § 6002, Kirby's Digest, 1904 § 28, Civil Code of Arkansas Annotated 1934, provides that 'an executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the state, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action

without joining with him the person for whose benefit it is prosecuted'. Rule 17(a) of the Rules for District Courts, 28 U.S.C.A. following section 723c, is substantially the same."

Finally, in Nebraska, in which the transaction under scrutiny arises, the highest court of the state has taken a position favorable to the construction of an advancement of the character now involved as a loan rather than a payment and has approved and followed the Luckenbach opinion. Shiman Bros. & Co. v. Nebraska National Hotel Co., 143 Neb. 404, 9 N.W.2d 807.

This court is, therefore, persuaded that it is obliged to follow the course charted in those decisions, whatever might be the inclination of the writer of this memorandum if the question were to be regarded as open.

Careful consideration has been accorded to the defendant's argument that the present action is to be distinguished, in respect of the point now under examination, from the Luckenbach, Dixey and Shiman Brothers cases, on the ground that here the insurance contracts held by the plaintiff imposed an absolute liability on the several insurers consequent on the loss by fire, whereas in the cited opinions it appears that the several policies involved in them provided for a liability either contingent upon the nonliability of others, e. g., tort feasors, or subject to apportionment between several insurers. But the several courts whose deliverances have been cited rested their rulings not on the narrow provisions of the policies which underlay them but rather on the broader ground that the post-casualty financial transaction constituted a loan and not a payment. Certainly that position was an allowable foundation of decision in each of the cases, quite regardless of whether it was the only available basis of the result arrived at. Therefore the reasoning of the opinions upon the point is not censurable as dictum.

And even if it were dictum, it is entitled to respectful consideration and observance by this court. Brown v. Chicago & N. W. Ry. Co., 102 Wis. 137, 77 N.W. 748, 78 N.W. 771, 772, 44 L.R.A. 579; Union Pacific R. Co. v. Mason City & F. D. R. Co., 199 U.S. 160, 166, 26 S.Ct. 19, 50 L.Ed. 134.

The motion is being denied and overruled.