THEODORE SCHWEITZ, DOING BUSINESS AS SCHWEITZ EQUIPMENT COMPANY, FULLERTON, NEBRASKA, APPELLANT AND CROSS-APPELLEE, V. PLIN ROBATHAM, APPELLEE AND CROSS-APPELLANT, B & D CONSTRUCTION, INC., AND CHIEF INDUSTRIES, INC., THIRD PARTY APPELLEES AND CROSS-APPELLEES.

234 N. W. 2d 834

Filed November 6, 1975. No. 39908.

Philip T. Morgan, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee Robatham.

Roback & Geshell and Con M. Keating of Marti, Dalton, Bruckner, O'Gara & Keating, for appellees B & D Constr., Inc., et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This case arises out of a controversy concerning a contract for the construction of a dairy barn and milking parlor on the property of Plin Robatham near Marquette, Nebraska. The plaintiff, Theodore Schweitz, is in the dairy equipment business. As a part of this business he constructs buildings.

In 1970 the plaintiff entered into an oral contract to construct a dairy barn and milking parlor for Robatham. The amount due the plaintiff under this contract was $24,322.13. The plaintiff did part of the construction work himself and subcontracted the rest of his work. He contracted with B & D Construction, Inc., to do the block work, and with Chief Industries, Inc., to furnish and install a steel roof.

The work to be done by the plaintiff and his subcontractors had been completed on February 17, 1971. During a storm on March 18, 1971, the roof of the building blew off and there was considerable damage to other parts of the building. On April 14, Farm Bureau Insurance Company of Nebraska notified the plaintiff that it was the insurance carrier for Robatham and would repair the building and proceed against the plaintiff unless he elected to repair the building. The plaintiff refused to repair the building so Robatham arranged for

the repairs to be completed by another contractor at an expense of $10,061.04.

This action was commenced by the plaintiff to recover the balance due on the original contract. Robatham filed a counterclaim for the expense of repairing the building plus the cost of cleaning up the premises and loss of profits. B & D Construction, Inc., and Chief Industries, Inc., were third party defendants joined on the petition of the plaintiff.

A jury was waived and the trial court found that Robatham was entitled to recover $10,061.04 on his cross-petition subject to a set-off in the amount of $6,332.13, the balance due the plaintiff for work performed under the original contract. The third party defendants were dismissed from the action.

The plaintiff has appealed and the defendant has cross-appealed.

The plaintiff's principal complaint relates to his contention that Robatham was not the real party in interest on the cross-petition. This matter was not properly raised in the pleadings, and during the trial the plaintiff unsuccessfully attempted to amend his answer to the cross-petition to allege that Robatham was not the real party in interest.

The facts were not fully developed in the record, but Robatham admitted he had been reimbursed by the insurance company for the cost of repairing the building. Since Robatham claimed other damages in addition to the cost of repairs, he was a real party in interest. The rule is well established in this state that if the loss exceeds the amount of insurance paid, the action may be brought in the name of the insured for the entire loss. Krause v. State Farm Mut. Auto. Ins. Co., 184 Neb. 588, 169 N. W. 2d 601. See, also, Schmidt v. Henke, 192 Neb. 408, 222 N. W. 2d 114. The plaintiff's contention that Robatham was not a real party in interest was without merit.

The plaintiff also contends that Robatham could not

recover on his cross-petition because he had failed to perform the original contract by paying the balance due the plaintiff.

Robatham contends that the plaintiff breached the contract by failing to construct the building in a sound and workmanlike manner. The evidence showed that the plaintiff had failed to properly or adequately attach the roof base plates to the pilasters in the walls of the building, and, as a result, the roof blew off in the storm.

A party cannot maintain an action on a contract without a prior substantial compliance on his part. If there has been a substantial performance, an action may be maintained without prejudice to any showing of damages by the other party for less than full and complete performance. Rickertsen v. Carskadon, 172 Neb. 46, 108 N. W. 2d 392.

In this case there had been substantial performance by both parties but less than full and complete performance by either party. Robatham had paid $18,000 to the plaintiff which represented about 75 percent of the amount due under the original contract. The plaintiff had completed the work he was to perform but the work was partially defective. In this situation either party could bring an action on the contract to determine the rights of the parties, and Robatham was not required to pay the balance due the plaintiff on the original contract before filing a cross-petition to recover his damages resulting from the defective work performed by the plaintiff.

The third party petitions filed by the plaintiff merely recited that the cross-petition filed against the plaintiff alleged the building had been damaged as the result of improper and negligent construction, that the third party defendants had been subcontractors, and that they should be held primarily liable for any amount due Robatham. There was no allegation that any of the work performed by the subcontractors was defective.

It was incumbent upon the plaintiff to allege facts

showing why the subcontractors were liable to him for any part of Robatham's claim against the plaintiff. 67 C. J. S., Parties, § 82(2), p. 1071; State of North Dakota v. Przybylski, 98 F. Supp. 21; Green v. Shepherd Construction Co., 46 F. R. D. 434. The third party petitions failed to state a cause of action against either third party defendant and were subject to demurrer. Furthermore, the evidence showed that employees of the plaintiff attached the base plates to the pilasters and the loss was not due to any defect in the work performed by the subcontractors. The order dismissing the third party defendants is fully sustained by the record.

By the cross-appeal, Robatham contends he was entitled to recover damages for the expense of cleaning up the premises, the expense of additional labor required and loss of profits while the building was being repaired, and interest from March 18, 1971.

So far as interest is concerned, the amount due Robatham, if any, was an unliquidated amount. Interest on damages for breach of a building contract, where the amount of the claim is not known or determinable, runs from the date of the judgment. School Dist. No. 65R v. Universal Surety Co., 178 Neb. 746, 135 N. W. 2d 232.

So far as the other items of damages claimed by Robatham are concerned, the finding by the trial court on the cross-petition was a general finding. There were no special findings as to each item of damage claimed. The finding made was not so inadequate or disproportionate to the injury proved as to require that it be set aside.

A finding as to damages will not be set aside as inadequate unless it is clearly against the weight and reasonableness of the evidence and is so disproportionate to the injury proved as to indicate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the trial court disregarded the evidence or rules of law. Cover v. Platte

Valley Public Power & Irr. Dist., 173 Neb. 751, 115 N. W. 2d 133.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.