PAUL JELINEK ET AL., APPELLANTS, v. NEBRASKA NATURAL GAS COMPANY, A CORPORATION, APPELLEE.

243 N. W. 2d 778

Filed July 7, 1976. No. 40544.

Nye, Hervert & Jorgensen, for appellants.

Phillips & Garwood, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

The issue involved herein is very simple. Are the plaintiffs the real parties in interest? The trial court

determined they were not and sustained defendant's motion to dismiss. We affirm.

The home of the plaintiffs was damaged by an explosion and fire caused by a break in a gas main maintained by the defendant. MFA Insurance Company paid the plaintiffs the full coverage of $7,000 on their dwelling policy and $2,000 on the household goods and furnishings coverage, or a total of $9,000. MFA took a subrogation agreement and filed this action in the name of the plaintiffs for $9,325.28, or $325.28 more than was paid on the insurance coverage.

Defendant took the deposition of both plaintiffs. Both of them testified that they had no claim against the defendant. Paul Jelinek testified the $9,000 he received covered the full cost. He was satisfied with the settlement paid and did not want his name used in litigation. Grace Jelinek testified that they did not have a claim against the Nebraska Natural Gas Company although they had signed the petition. She testified she did not read the petition or know what was in it.

It is not disputed, plaintiffs spent $325.28 more than the amount received on the insurance to repair, remodel, and refurnish their home. They concede, however, this put it in much better shape than it was before. The inference is they incurred expense not directly related to their loss. This case is not analogous to Schweitz v. Robatham (1975), 194 Neb. 668, 234 N. W. 2d 834, cited by plaintiffs. Here, the nominal plaintiffs are making no claim for other damages against the defendant. It is also obvious from the depositions of the plaintiffs that MFA Insurance Company is the real party in interest.

In Scholting v. Alley (1970), 185 Neb. 549, 178 N. W. 2d 273, we said: "Section 25-301, R. R. S. 1943, requires that every action be prosecuted in the name of the real party in interest. The purpose of statutes such as this is to prevent the prosecution of actions by persons who have no right, title, or interest in the cause as well as

to discourage harassing litigation and to keep litigation within certain bounds in the interest of sound public policy."

In Schmidt v. Henke (1974), 192 Neb. 408, 222 N. W. 2d 114, we held: "An insured's cause of action against a tort-feasor cannot be split. There is only one cause of action on the part of the insured against the tort-feasor." Here, that cause of action was transferred to MFA Insurance Company. Plaintiffs are satisfied with the amount paid them by the insurance company. They considered it as settlement in full. They make no demand on the defendant for the payment of any additional amount because they feel that no additional amount is owing to them. On this record MFA Insurance Company is the real party in interest.

The motion to dismiss was properly sustained. The judgment is affirmed.

AFFIRMED.