Don E. WATTLES, II, and Rhonda K. Wattles, Plaintiffs,

v.

SEARS, ROEBUCK AND CO., a corporation, Defendant.

Civ. No. 78-0-232.

United States District Court, D. Nebraska.

May 17, 1979.

William Jay Riley, Omaha, Neb., for plaintiffs.

Barbara W. Zandbergen, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the defendant's motion [Filing # 13] to join the National American Insurance Company as "real party in interest", pursuant to Rule 17(a) of the Federal Rules of Civil Procedure.

This is a products liability action arising out of the alleged explosion of a television set purchased by the plaintiffs from the defendant. Jurisdiction is founded on diversity of citizenship under 28 U.S.C. § 1332.

In support of this motion, the defendant refers the Court to the deposition of the plaintiff, Don E. Wattles, wherein the plaintiff identifies Exhibits C and D, a sworn Statement of Proof of Loss and a Release and Subrogation Receipt, each of which he alleges bears his signature. [*See* Deposition of Don E. Wattles at 27–29.] These documents indicate that the actual cash value of the property lost due to the explosion and resulting fire was $15,203.70; that the insured's deductible was $50.00; and that the plaintiff received the sum of $15,153.70 from the National American Insurance Company. Accordingly, the defendant contends that the National American Insurance Company is subrogated to all claims which plaintiff may have arising out of the accident and is the "real party in interest."

The plaintiff does not deny that he received $15,153.70 from the National American Insurance Company. However, the plaintiff disagrees with the defendant as to the effect of such payment and, therefore, opposes the motion.

Rule 17(a) of the Federal Rules of Civil Procedure provides in part that: "Every action shall be prosecuted in the name of the real party in interest." An insurer-subrogee qualifies as a "real party in interest" whether it has paid the whole loss or only a part thereof. *United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380–81, 70 S.Ct. 207, 94 L.Ed. 171 (1949). In *Aetna,* the court wrote:

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which were specifically made applicable to Tort Claims Litigation, provides that "Every action shall be prosecuted in the name of the real party in interest," and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, *Hall & Long v. Nashville & C. Railroad Companies,* 1871, 13 Wall. 367 [20 L.Ed. 594]; *United States v. American Tobacco Co.* [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081 (1897)], *supra,* as was also true of suits on assignments, *Glenn v. Marbury,* 1892, 145 U.S. 499 [12 S.Ct. 914, 36 L.Ed. 790]. Mr. Justice Stone characterized this rule as "a vestige of the common law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation." *Aetna Life Ins.*

*Co. v. Moses,* 1933, 287 U.S. 530, 540 [53 S.Ct. 231, 233, 77 L.Ed. 477]. Under the Federal Rules, the "use" practice is obviously unnecessary, as has long been true in equity, *Garrison v. Memphis Insurance Co.,* 1856, 19 How. 312 [15 L.Ed. 656], and admiralty, *Liverpool & Great Western Steam Co. v. Phenix Insurance Co.,* 1889, 129 U.S. 397, 462 [9 S.Ct. 469, 479, 32 L.Ed. 788]. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer "own" portions of the substantive right and should appear in the litigation in their own names.

Although either party may sue, the United States, upon timely motion, may compel their joinder. *Delaware County v. Diebold Safe & Lock Co.,* 1890, 133 U.S. 473, 488 [10 S.Ct. 399, 403, 33 L.Ed. 674] (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d Ed.) p. 1348.

*United States v. Aetna Casualty & Sur. Co., supra,* 338 U.S. at 380–82, 70 S.Ct. at 215–216.

Our Circuit, whose directives this Court must follow, has stated in *National Garment Co. v. New York, Chi. & St. Louis R.R. Co.,* 173 F.2d 32 (8th Cir. 1949), that an insurance company possessing substantive rights in the litigation by way of subrogation should upon objection by the defendant be joined as a party plaintiff pursuant to Rule 17(a). In this regard, the court in *National Garment* wrote as follows:

In this situation there are two real parties in interest—the insurer to the extent of its payment and the insured to the extent of the difference between the payment received from the insurer and the whole loss. In the absence of objection either may maintain an action against the person primarily liable, the insurer to the extent of its payment, the insured to the extent of the whole loss. The rule against splitting a cause of action is for the benefit of the defendant and may be waived. *Capital Fire Ins. Co. v. Lang-*

*horne,* 8 Cir., 146 F.2d 237, 243. *On objection by the defendant, the absent party should be made a party plaintiff.* (Emphasis added).

*National Garment Co. v. New York, Chi. & St. Louis R.R. Co., supra,* 173 F.2d at 34–35.[1]

In addition to *Aetna,* support for the position taken by the Eighth Circuit can be found in other jurisdictions. *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78, 84 (4th Cir. 1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974) (citing *National Garment,* the court stated that "[i]f either the subrogor or subrogee brings suit, joinder is often appropriate upon proper motion by the defendant."); *Public Serv. Co. v. Black & Veatch,* 467 F.2d 1143, 1144–45 (10th Cir. 1972); *Gas Serv. Co. v. Hunt,* 183 F.2d 417, 419 (10th Cir. 1950); *Cook v. Stuples,* 74 F.R.D. 370, 372 (W.D.Okl.1976); *Ward v. Franklin,* 50 F.R.D. 93, 95 (E.D.Va.1970); *Public Serv. Co. v. Crane Co.,* 48 F.R.D. 424, 425 (N.D.Okl.1969).[2]

However, the plaintiff argues that in the determination of a real party in interest in a diversity suit, the Court must look to state substantive law, which, in this case, is the law of the State of Nebraska. The plaintiff then points out that under Nebraska law in the case of a partial subrogation, the right of action "may be brought in the name of the insured for the entire loss,"

*Schweitz v. Robatham,* 194 Neb. 668, 670, 234 N.W.2d 834, 836 (1975), and "the insured becomes a trustee and holds the amount of recovery, equal to the indemnity for the use and benefit of the insurer." *Krause v. State Farm Mut. Auto. Ins. Co.,* 184 Neb. 588, 593, 169 N.W.2d 601, 604 (1969).[3] The Nebraska approach is based upon the doctrine prohibiting the splitting of causes of action which protects the wrongdoer from a multiplicity of suits. *Krause v. State Farm Mut. Auto. Ins. Co., supra; see also Jelinek v. Nebraska Natural Gas Co.,* 196 Neb. 488, 243 N.W.2d 778 (1976).

While there is some support for the plaintiff's position, *see Cleaves v. De Lauder,* 302 F.Supp. 36 (N.D.W.Va.1969) (applying West Virginia law), the Court believes that the plaintiffs' argument suffers from a failure to consider the subtle, yet important, substantive-procedural distinction involved in this matter.

The Court agrees that "[t]he 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law . . .," *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 404 (8th Cir. 1977), which in this case is the law of Nebraska. Under that law, it is clear that the insurer as subrogee

1. *See also Gieselman v. Windsor Mobile Homes, Inc.,* No. 75-0-87 (D.Neb., Jan. 13, 1977), wherein this Court wrote: "If an insurer has paid only part of the loss, either the insured or insurer may sue, but the defendant can compel joinder of the other to avoid being subjected to a multiplicity of suits." *Gieselman v. Windsor Mobile Homes, Inc., supra,* slip op. at 5, *quoting,* C. Wright, Law of Federal Courts 294 (2d Ed. 1974).

2. *See also* 6 Wright & Miller, Federal Practice and Procedure: Civil § 1546 at 659–60 (1971), wherein it is written:
   The insurer who pays a part of the loss is only partially subrogated to the rights of the insured. This may occur when the loss exceeds the coverage or when the insurance policy contains a deductible amount that must be borne by the insured. The respec-

tive rights of the party in this situation parallel those when there has been a partial assignment. Either the insured or the insurer may sue in his own name. Thus, if the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect his pro rata share of the potential recovery. If either sues and the other does not voluntarily join or intervene, defendant may protect himself from multiple lawsuits by having the absent party joined.

3. Significantly, however, in an early Nebraska case involving a partial assignment, the Nebraska Supreme Court stated that the insured should have joined the insurance company as party plaintiff against the wrongdoer. *See Omaha & R.V.R. v. Granite State Fire Ins. Co.,* 53 Neb. 514, 519, 73 N.W. 950, 951 (1898).

by virtue of its payment of the loss sustained by the insured, has a substantive right to recover from the wrongdoer the amount it has been obliged to pay under its policy. *Krause v. State Farm Mut. Auto. Co., supra*, 184 Neb. at 593, 169 N.W.2d at 604; *Shiman Bros. & Co. v. Nebraska Nat'l Hotel Co.*, 143 Neb. 404, 410, 9 N.W.2d 807, 812 (1943); see also *Jelinek v. Nebraska Natural Gas Co., supra*, 196 Neb. at 490, 243 N.W.2d at 779. Yet, as the Court noted earlier, in the instance where there is a partial subrogation, Nebraska law apparently requires that the insurer's subrogation rights be enforced through the insured.

Therefore, both the insured and insurer's right to recover is governed by the substantive law of Nebraska, and under that law both have that right. However, the question of whether the plaintiffs may maintain this action in their own names alone, for their benefit and the benefit of their insurers, or whether the insurer may be required upon motion of the defendant to assert its claim in its own name for its portion of the loss is procedural, rather than substantive. *Gas Serv. Co. v. Hunt, supra*, 183 F.2d at 419; *Askey v. C & M Service*, 45 F.R.D. 242, 244 (M.D.Pa.1968); *Pinewood Gin Co. v. Carolina Power & Light Co.*, 41 F.R.D. 221, 225 (D.S.C.1966); see also *Northboro Apartments, Inc. v. Wheatland Tube Co.*, 198 F.Supp. 245, 247 (E.D.Pa.1961).

As the court in *Hunt*, faced with the same issue, so cogently stated:

As we understand, the rule in the state courts of Kansas is different. There, where loss by fire to insured property exceeds the amount paid by the insurer under its policy, the owner may maintain the action against the wrongdoer for the full amount of the loss. *Clark v. Missouri Pacific Railroad Co.*, 134 Kan. 769, 8 P.2d 359; *Klingberg v. Atchison, Topeka & Santa Fe Railway Co.*, 137 Kan. 523, 21 P.2d 405. Although it is provided by statute in that state that every action must be prosecuted in the name of the real party in interest, and although both

the insured and the insurer are real parties in interest, the action may be brought in the name of the owner who will hold as trustee for the insurer in respect of such part of the amount recovered as the insurer has been compelled to pay under its policy. *Grain Dealers' Nat. Mutual Fire Insurance Co. v. Missouri, Kansas & Texas Railway Co.*, 98 Kan. 344, 157 P. 1187; *City of New York Insurance Co. v. Tice*, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233.

Manifestly, where the insurer has reimbursed the insured for part but not all of the loss of insured property by fire and the insured still asserts a claim against the wrongdoer for the loss in excess of the amount received from the insurer, the substantive rights of the parties are the same in the United States courts and in the courts of Kansas. The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for which he has not been reimbursed. The difference lies in the fact that in the United States courts the insurer must assert the claim in its own name against the wrongdoer for the loss up to the amount paid under the policy, and the insured must assert the claim in his name for the loss in excess of the amount paid by the insurer, while in the state courts of Kansas the insured may maintain the action for the entire amount, holding as trustee for the insurer the amount recovered up to the amount received under the policy and holding for himself the amount recovered in excess thereof. The right of action against the wrongdoer is substantive. *Montgomery Ward & Co. v. Callahan*, 10 Cir., 127 F.2d 32. And in a case of this kind it is the same in the United States courts and in the state courts of Kansas. There is no conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of

the substantive right is procedural, not substantive. *Montgomery Ward & Co. v. Callahan,* supra.

*Gas Serv. Co. v. Hunt, supra,* 183 F.2d at 419.

Consequently, it is clear, given the procedural aspect of this issue, that federal law, not Nebraska law, governs the determination. *See Hanna v. Plumer,* 380 U.S. 460, 473–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Thus, in accordance with Rule 17(a) and the decisions in *Aetna* and *National Garment* regarding Rule 17(a), the Court is of the view that the National American Insurance Company should be joined in this action.[4]

---

4. Likewise, in *Northboro Apartments, Inc. v. Wheatland Tube Co., supra,* the court held that in a case of partial subrogation the insurer would be required to join as a party plaintiff, and stated:

> Once it has been established that under the applicable substantive law the party sought to be joined has the right to maintain the action, whether or not such a party should be joined under Rule 17(a) depends on federal procedural standards. This is a case of partial subrogation and, in such cases, both the insured and the insurer are real parties in interest within the meaning of F.R.Civ.P. rule 17(a). *United States v. Aetna Casualty & Surety Co.,* 1949, 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171. Although an action can be instituted by either party, the other should be joined upon timely motion of the defendant. *St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co.,* D.C.W.D.Pa.1958, 166 F.Supp. 11, 12.

> *Northboro Apartments, Inc. v. Wheatland Tube, supra,* 198 F.Supp. at 247.

Moreover, this Court notes that in *Williams v. Union Pac. R.R. Co.,* 94 F.Supp. 174 (D.Neb. 1950), Judge Delehant of this court intimated that in the proper situation, under federal law, an insurer by virtue of its payment of insurance proceeds in whole or in part to the insured would be the "real party in interest." Judge Delehant wrote as follows:

> If the defendant's premise that the transactions between the plaintiff and his several insurers involved their payment to him of all (in one instance) or part (in the others) of his claims were valid, then, under appropriate language in all of the policies, as well as by the act of payment itself, subrogation would arise; and under the rule applied in the United States Courts the insurers would be necessary parties; and under Count II of the petition the insurer involved would be the only proper party. *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 70 S.Ct. 207 [94 L.Ed. 171]; *Gas Service Co. v. Hunt,* 10th Cir., 183 F.2d 417.

> *Williams v. Union Pac. R.R. Co., supra,* 94 F.Supp. at 175.

However, since the *Williams* case involved a "loan receipt" situation, rather than an outright payment of the insured claims, as in the instant case, the insurer was not deemed the "real party in interest."