JOHANNES MYRON SCHOLTING, A MINOR, BY MILDRED SCHOLTING, HIS LEGAL GUARDIAN, APPELLEE, v. FREDA M. ALLEY ET AL., APPELLANTS.

178 N. W. 2d 273

Filed May 22, 1970. No. 37343.

Marks, Clare, Hopkins & Rauth, Schmid, Ford, Snow, Green & Mooney, Keith Frederick, and Guy J. Birch, for appellants.

Dixon G. Adams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an action brought in the district court for Sarpy County by Mildred Scholting, guardian of Johannes Myron Scholting, a minor, against Freda M. Alley and Pearl M. Alley, wife and husband, James R. Frazier and Edith M. Frazier, husband and wife, and the Prudential Insurance Company praying that a deed to Freda and Pearl Alley be set aside and canceled. The deed in question conveyed 240 acres of land to Freda and Pearl

Alley. The Fraziers and the Prudential Insurance Company are the subsequent purchasers and encumbrancer of 160 of the 240 acres.

The present action is a companion case to Scholting v. Scholting, 183 Neb. 850, 164 N. W. 2d 918, and Scholting v. Scholting, 183 Neb. 862, 164 N. W. 2d 926. In those two cases inter vivos deeds by decedent, Johannes F. Heuck, to Melvin and Lola Scholting, husband and wife, were set aside as being obtained by the undue influence of Freda Alley, sister of Melvin Scholting and sister-in-law of Mildred Scholting.

The previous cases were reversed and remanded because the record supported the view that a presumption of undue influence arose and that the defendants failed to meet the burden of going forward with the evidence when the burden consequently shifted.

In the instant case the trial court also found in favor of the defendants but, after examining our opinions in the Scholting cases, *supra*, subsequently sustained plaintiff's motion for a new trial. Defendants are herein appealing the judgment granting plaintiff's motion for a new trial.

The facts in the present case are essentially the same as in the previous Scholting cases, *supra*, and will not be repeated here. The defendants make seven assignments of error, but, due to the approach we take, only one need be considered. The decisive assignment is that the trial court was in error in failing to dismiss the action for plaintiff's want of capacity to sue. It is our conclusion that plaintiff was not a real party in interest and that the judgment granting plaintiff's motion for a new trial should be and is hereby reversed.

In the previous cases the canceling and setting aside of the deeds caused the property to pass by decedent's will with one tract being specifically devised to a new owner and the other tract passing to a new owner through the residuary clause. The new owners are the minor sons of Mildred Scholting, plaintiffs in the previous

cases. The instant case is peculiar in that Freda Alley will receive the same property by specific devise as she and her husband did by inter vivos conveyance. The testator's will devised property in question in this case to Freda Alley. The will was admitted to probate and was uncontested. No contention is now made or could be made that title of Freda Alley to this property is absolute and her interest in the property became vested at the time of the death of the decedent. There is no contention in these proceedings or in the assignments of error that this is not a fact.

At the time of the conveyance in question no gift tax was paid by decedent. Thus the estate has a gift tax liability of approximately $3,000 which has been partially paid. The sole purpose of this action is for title to pass by devise rather than by deed and thus subject the land to its proportionate share of estate expenses, taxes, and costs of administration as provided in decedent's will. Plaintiff argues that if this is not done the estate will be insolvent because of, among other things, the federal gift tax deficiency and that this would result in the plaintiff residuary legatee getting nothing. But, due to our decisions in the previous two cases this statement is not now applicable, as the land there involved now passes by decedent's will and the estate is solvent.

Section 25-301, R. R. S. 1943, requires that every action be prosecuted in the name of the real party in interest. The purpose of statutes such as this is to prevent the prosecution of actions by persons who have no right, title, or interest in the cause as well as to discourage harassing litigation and to keep litigation within certain bounds in the interest of sound public policy. 67 C. J. S., Parties, § 10 a, p. 910. The courts will not entertain a controversy as to title or right of possession of real or personal property, except at the instance of some person having or claiming a right thereto. Bonacum v. Murphy, on rehearing, 71 Neb. 487, 104 N. W. 180.

On the facts of this case it is clear that the plaintiff does not have any claim or right to the property itself. Any interest in the property is an indirect interest through the contribution that the property would make to expenses, taxes, and costs of administration of the estate.

The fact that the property passes the same by will as by deed is conclusive of the issue that neither the executor nor the beneficiaries of the will have any right, title, claim, or interest in the property so as to make any of them a real party in interest within the meaning of section 25-301, R. R. S. 1943. On the facts before this court the only real party in interest who could bring an action to set aside the deed is Freda Alley. Her interest arises from the fact that she took by deed as a joint tenant with her husband and would have taken by specific devise as owner of the entire fee.

The judgment of the district court is therefore reversed and the cause remanded with directions to reinstate its original findings and judgment dismissing the action.

REVERSED AND REMANDED WITH DIRECTIONS.