LYLE C. SCHMIDT ET AL., APPELLEES, v. TERRY HENKE, APPELLANT.

222 N. W. 2d 114

Filed October 10, 1974. No. 39028.

Barlow, Watson & Johnson, for appellant.

Healey, Healey, Brown & Burchard and Douglas L. Kluender, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This action is brought in the name of Lyle C. Schmidt and Sharon Schmidt, husband and wife, plaintiffs, to recover for medical expenses incurred for personal injuries sustained by Sharon, and for property damage to plaintiffs' 1963 vehicle. The damages resulted from a collision between vehicles operated by Lyle C. Schmidt and defendant, Terry Henke. The only issue we consider is whether or not the plaintiffs are the real parties in interest. The trial court found they were. Defendant perfected this appeal. We reverse.

Plaintiffs' vehicle was insured with the State Farm Mutual Automobile Insurance Company under a policy which provided collision coverage, with $50 deductible, and medical payment coverages. On May 27, 1970, plaintiffs signed and executed a loan receipt for the amount of their collision damage less $50 to State Farm. On June 12, 1970, plaintiffs signed and executed a loan receipt for the amount of their medical coverage to State Farm. These were repayable *only to the extent of any recovery for the collision.*

On October 29, 1971, plaintiffs executed a release to the defendant "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known or unknown, both to person or property, which have resulted or may, in the future, develop" from the accident which was described. The release expressly stated that it was understood it would in no way release the claim of State Farm Mutual against the defendant for money paid the plaintiffs under a collision insurance policy.

In Scholting v. Alley (1970), 185 Neb. 549, 178 N. W. 2d 273, we said: "Section 25-301, R. R. S. 1943, requires that every action be prosecuted in the name of the real party in interest. The purpose of statutes such as this is to prevent the prosecution of actions by

persons who have no right, title, or interest in the cause as well as to discourage harassing litigation and to keep litigation within certain bounds in the interest of sound public policy."

It was expressly stipulated by and between the parties herein that the term "collision insurance policy" meant collision and medical payment insurance policy. It was further expressly stipulated that the plaintiffs' $50 deductible interest was included in the claims covered by the release. Obviously, therefore, the Schmidts released any claims they had against the defendant. Consequently, they had no further interest in the lawsuit and could not be the real parties in interest.

Plaintiffs argue that by virtue of the loan receipts they are under a contractual obligation to prosecute the claim of the State Farm under the loan receipts in their name. Unfortunately for them, they are not the real parties in interest and can no longer do so. The release signed by the plaintiffs contained the following language: "Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise settlement and adjustment of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned." It is true the release contained the following language: "* * * except that it is expressly agreed and understood that this release shall in no way release the claim of the State Farm Mutual against * * * Terry Henke for monies paid for the undersigned under a collision insurance policy." The difficulty is that the State Farm had no claim against the defendant.

As we said in Krause v. State Farm Mut. Auto. Ins. Co. (1969), 184 Neb. 588, 169 N. W. 2d 601: "Nebraska is in harmony with the prevailing rule in most jurisdictions that the insured's cause of action against the tort-

feasor cannot be split and that at all times there is one cause of action on the part of the insured against the tort-feasor."

The claim was that of the plaintiffs, and they executed a release as to all claims so far as they were concerned. The loan receipts at most were contracts between plaintiffs and State Farm. The cause of action was solely the plaintiffs. When they acknowledged full and complete settlement from defendant, they gave up their right to bring an action against him. The loan receipts executed by plaintiffs did not change the real parties in interest.

For the reason stated we reverse the judgment entered herein and dismiss the plaintiffs' petition.

REVERSED AND DISMISSED.

BOSLAUGH, J., dissenting in part.

This case amounts to a logical extension of a legal fiction which results in an absurdity. What was originally intended as a shield for the collision insurer has become a sword.

The settlement between the plaintiffs Schmidt and their insurer, State Farm Mutual Automobile Insurance Company, was obviously a *payment* of the amount due Schmidts by reason of the terms of the contract of insurance. The parties cast it in the form of a "loan," but that was merely a fiction which has been indulged in as a means to avoid consequences normally attendant upon payment of a loss. Undoubtedly, it serves a useful purpose where the circumstances would otherwise prevent any settlement under the policy. See Kopperud v. Chick, 27 Wis. 2d 591, 135 N. W. 2d 335.

Upon payment of the indemnity, the insurer became entitled to subrogation, either by contract or in equity, for the amount paid. Krause v. State Farm Mut. Auto. Ins. Co., 184 Neb. 588, 169 N. W. 2d 601. Schmidts had but one cause of action, but the insurer then had an interest in it by reason of the payment under the

policy. Only one action could be brought to recover all the damages resulting from the accident.

The settlement between Schmidts and the defendant Henke's insurer was but a partial settlement. The rights of State Farm in Schmidts' cause of action against Henke were expressly excepted from the release. As stated in Omaha & R. V. Ry. Co. v. Granite State Fire Ins. Co., 53 Neb. 514, 73 N. W. 950: "Knowing, as it then knew, of the rights of the insurance company, it is not protected, by that voluntary payment of Erickson's claim, against a valid claim of the insurance company not included in that settlement."

The only issue in this case was whether the action could be brought in the name of Schmidts or had to be brought in the name of State Farm. Since Schmidts had no interest remaining in the cause of action against Henke, Schmidts were no longer a real party in interest. Although I concur in this holding, it appears to conflict with Bozell & Jacobs, Inc. v. Blackstone Terminal Garage, Inc., 162 Neb. 47, 75 N. W. 2d 366.

I would remand the cause for further proceedings.