CONTINENTAL WESTERN INSURANCE COMPANY, APPELLANT, V.
FARM BUREAU INSURANCE COMPANY OF NEBRASKA AND DEBRA S.
CROXEN, APPELLEES.

511 N.W.2d 559

Filed February 8, 1994.    No. A-92-551.

Alan L. Plessman for appellant.

Gary J. Nedved, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellee Farm Bureau Ins. Co.

Lance J. Johnson for appellee Croxen.

CONNOLLY, HANNON, and WRIGHT, Judges.

CONNOLLY, Judge.

This appeal arises from an action for declaratory judgment filed by the appellant, Continental Western Insurance Company (Continental Western), against the appellees, Farm Bureau Insurance Company of Nebraska (Farm Bureau) and Debra S. Croxen, who was insured by Continental Western. Croxen was injured in an automobile collision with Richard Girmus, who was insured by Farm Bureau. Croxen and Farm Bureau executed a settlement of Croxen's claims resulting from the accident. Continental Western sought a declaratory judgment that its subrogation interest was compromised and

that Croxen and Farm Bureau were jointly and severally liable for the sum that Continental Western had paid to Croxen for damage to her vehicle. The trial court denied the request for declaratory judgment on grounds that other, more appropriate methods of recovery were available to Continental Western. We affirm because there is another serviceable remedy available to Continental Western.

## FACTS

Croxen and her husband were riding in their pickup truck when it collided with the vehicle driven by Girmus. Croxen suffered bodily injury, and her husband was killed. The Croxens' pickup truck sustained 8,740 dollars' worth of damage. After subtracting a $200 deductible, Continental Western paid Croxen $8,540 for the repair of the pickup truck. The payment activated Continental Western's subrogation rights pursuant to Croxen's policy. Croxen was obligated under the policy to protect and avoid jeopardizing Continental Western's subrogation interest.

Continental Western notified Farm Bureau of its subrogation interest for $8,540. After the notification, Farm Bureau and Croxen executed a settlement. We now set out the relevant provision of the settlement agreement:

15. Property Damage. Croxen and Farm Bureau agree and acknowledge that the payments to Croxen described [earlier in the agreement] specifically exclude any payments for property damage to the [Croxens'] pickup . . . . Croxen and Farm Bureau acknowledge that Continental Western . . . may claim a subrogation interest [against Farm Bureau] for property damage to the [Croxens'] pickup . . . . Croxen reserves the right for Continental Western . . . to assert its subrogation interest against Farm Bureau for property damage to the [Croxens'] pickup . . . . In the event the subrogation interest is asserted by Continental Western . . . against Farm Bureau, Farm Bureau reserves the right to defend against any and all liability for property damage to the [Croxens'] pickup . . . . In the event that it is determined, by judgment or agreement, that Farm Bureau is indebted

to Croxen or Continental Western . . . for property damage to the [Croxens'] pickup . . . then . . . Farm Bureau will promptly pay to Croxen or Continental Western . . . the amount of damages so determined.

In its petition for declaratory judgment, Continental Western asked the court to find (1) that Continental Western's subrogation interest had been compromised by the settlement, (2) that Croxen was liable to Continental Western for $8,540 for having compromised Continental Western's subrogation interest, and (3) that Farm Bureau was jointly and severally liable with Croxen for having failed to honor Continental Western's subrogation interest. Croxen denied that she had jeopardized Continental Western's subrogation interest, and both Croxen and Farm Bureau alleged that Continental Western had failed to state a cause of action.

The record indicates that the sole issue before the trial court was "whether [Continental Western's] subrogation claim has been prejudiced and compromised as a result of the settlement agreement between Croxen and Farm Bureau." In its order, the trial court cited *Milbank Ins. Co. v. Henry*, 232 Neb. 418, 441 N.W.2d 143 (1989), for the proposition that an insured and insurer each own separately part of the claim against the tort-feasor, and therefore, a settlement or recovery by the insured does not proscribe the insurer from suing on its part of the claim. The court concluded that it was not presented with a justiciable controversy and that another serviceable remedy was provided by law. Therefore, the court denied Continental Western's request for declaratory relief and dismissed the case.

## ASSIGNMENT OF ERROR

Continental Western argues that the trial court erred in refusing to adjudicate its petition for declaratory judgment.

## STANDARD OF REVIEW

▪ Whether to entertain an action for declaratory judgment is within the discretion of the trial court. *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988).

▪ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or to refrain from action, but the selected option results in a

decision which is untenable and unfairly deprives a litigant of a substantial right or a just result. *Uhing v. Uhing*, 241 Neb. 368, 488 N.W.2d 366 (1992).

## ANALYSIS

Continental Western argues that under *Schmidt v. Henke*, 192 Neb. 408, 222 N.W.2d 114 (1974), it had no alternative but to file for declaratory relief because Croxen had negated Continental Western's subrogation rights.

In *Schmidt v. Henke*, the Schmidts, named as plaintiffs at trial, were insured by State Farm Mutual Automobile Insurance Company. State Farm paid the Schmidts for medical expenses and property damage resulting from an automobile collision with the defendant, Henke. After receiving the payment from State Farm, the Schmidts executed a settlement that released any claims they had against Henke. The release expressly stated that the Schmidts were not releasing the claim of State Farm against Henke for money paid to the Schmidts pursuant to their policy with State Farm. Following the settlement and release, an action to recover the cost of the Schmidts' medical expenses and property damage was brought against Henke in the name of the Schmidts. The Supreme Court rejected State Farm's attempt to sue Henke in the name of the Schmidts, holding that the Schmidts were not real parties in interest. The court stated that once the Schmidts released all claims against Henke, "State Farm had no claim against the defendant" because " 'the insured's cause of action against the tort-feasor cannot be split and . . . at all times there is one cause of action on the part of the insured against the tort-feasor.' " *Id.* at 410-11, 222 N.W.2d at 116.

Under *Schmidt v. Henke*, an insurer cannot sue in the name of its insured if the insured has released the tort-feasor from all claims and, therefore, is no longer a real party in interest. Despite the acknowledgment by the parties to the settlement that State Farm retained the right to sue Henke, the court in *Schmidt v. Henke* also stated that an insurer's subrogation interest is destroyed if its insured releases the tort-feasor, which would mean that Croxen compromised Continental Western's subrogation interest relative to Girmus

and Farm Bureau. However, as the trial court noted in the record now before us, in *Milbank Ins. Co. v. Henry*, 232 Neb. 418, 441 N.W.2d 143 (1989), the Supreme Court adopted language from *Mutual Service v. American Family*, 140 Wis. 2d 555, 410 N.W.2d 582 (1987), stating that the insured and insurer each own separately part of the claim against the tort-feasor, and a settlement by the insured does not satisfy or extinguish the part of the claim owned by the insurer. In *Milbank Ins. Co. v. Henry*, the court held that when a tort-feasor or the tort-feasor's liability insurer, with notice of an insurer's subrogation claim, procures a general release by making a settlement with the insured, the release will not affect the insurer's right of subrogation.

Under *Milbank Ins. Co. v. Henry*, even without the settlement provision in which Croxen and Farm Bureau acknowledge that Continental Western has the right to assert a subrogation claim for the $8,540 paid to Croxen for repair of the pickup truck, Continental Western still retains its subrogation interest. For that reason, Continental Western need not be concerned about the unconditional release given to Girmus and Farm Bureau in the course of the probate of the estate of Croxen's husband. Acting as her husband's personal representative, Croxen executed a personal representative's release in which she released Girmus and Farm Bureau from all claims by her husband and herself resulting from the automobile collision with Girmus. Unlike the settlement agreement, the personal representative's release did not include a provision acknowledging and expressly preserving Continental Western's subrogation interest. That fact is of no consequence. Farm Bureau was notified of Continental Western's subrogation interest in May 1990. The personal representative's release was executed in November 1990. Thus, Farm Bureau had notice of Continental Western's subrogation interest when it secured the personal representative's release. Again, under *Milbank Ins. Co. v. Henry*, where a tort-feasor or the tort-feasor's insurer had prior notice of the subrogation interest of the plaintiff's insurer, the plaintiff's insurer retains its subrogation interest even if the plaintiff executes an

unconditional release of the tort-feasor and the tort-feasor's insurer.

■ Actions for declaratory judgment are not to be entertained where another equally serviceable remedy has been provided by law, nor are they to be used to create new causes of action or cumulative remedies. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992). Croxen did nothing to jeopardize Continental Western's subrogation interest. Continental Western has a subrogation claim for $8,540 which it can bring against Girmus or Farm Bureau. Farm Bureau appears intent on making Continental Western prove that Girmus was negligent before Farm Bureau will indemnify Continental Western for the cost of repairing Croxen's pickup truck. Nonetheless, the trial court correctly concluded that another serviceable remedy is available to Continental Western. Therefore, we affirm the judgment of the trial court dismissing the petition for declaratory relief.

AFFIRMED.