684 N.W.2d 14 (2004)
268 Neb. 439
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, appellee and cross-appellant, and
Paul Steenson, appellant,
v.
ALLSTATE INSURANCE COMPANY, et al., appellees and cross-appellees.
No. S-03-443.
Supreme Court of Nebraska.
July 23, 2004.
*17 Michael G. Reilly, of Reilly, Petersen, Hannan & Dreismeier, P.L.C., Council Bluffs, IA, and Diana J. Vogt for appellant.
Waldine H. Olson, of Nolan, Olson, Hansen, Fieber & Lautenbaugh, L.L.P., Omaha, for appellee Allstate Insurance Company.
Mark C. Laughlin and Timothy J. Thalken, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., Omaha, for appellee State Farm Mutual Automobile Insurance Company.
HENDRY, C.J., and CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

INTRODUCTION
This is an appeal from the March 19, 2003, order of the district court for Douglas County dismissing this declaratory judgment action. The action was brought by appellee and cross-appellant, State Farm Mutual Automobile Insurance Company (State Farm), against appellees Allstate Insurance Company (Allstate), H. Michael Harvey, and Gerald Campbell and appellant, Paul Steenson. Steenson was realigned with State Farm during the trial proceedings.
In its petition for declaratory relief, filed under Neb.Rev.Stat. § 25-21,149 et seq. (Reissue 1995 & Cum.Supp.2000) on November 2, 2001, State Farm sought a declaration of the rights, duties, and obligations of the parties arising from an automobile accident which occurred on July 28, 1997, in Omaha, Nebraska. It is agreed that Campbell, driving a vehicle owned by Harvey and insured by Allstate, collided with a vehicle owned by Steenson and insured by State Farm. Campbell was uninsured. Allstate denied coverage on the basis that Campbell was driving without Harvey's permission.
In a separate personal injury action (the underlying action) filed on July 26, 2001, Steenson sought damages from Campbell or alternatively from State Farm under uninsured motorist insurance provisions. State Farm was served and appeared in the underlying action. Steenson published service on Campbell on January 16, 23, and 30, 2002.
In the instant declaratory judgment case, the district court concluded that service on Campbell had not been completed within 6 months of the filing of the petition in the underlying action, as required by Neb.Rev.Stat. § 25-217 (Reissue 1995), and that the underlying action stood dismissed. The district court reasoned that because there was "no viable claim" against Campbell and because Allstate had *18 no obligation to defend or indemnify, there was no justiciable controversy involved in the instant declaratory judgment action. Based on this reasoning, the district court dismissed this declaratory judgment action. Steenson appealed, and State Farm cross-appealed.
For the reasons outlined below, we agree with the district court's legal conclusion that because Campbell was not served within 6 months of the date the petition was filed in the underlying action, the underlying action stood dismissed as to Campbell. However, given the fact of State Farm's appearance in the underlying action, we disagree with the district court's further determination that the entire underlying action stood dismissed. We disagree with the district court's reasoning that there are no justiciable issues among the parties, which reasoning was the basis for dismissal of this declaratory judgment action. In particular, whether Campbell was driving with Harvey's permission has not been adjudicated, and resolution of this issue bears on resolution of Steenson's claim for uninsured motorist coverage from State Farm, which claim remains an actual unresolved controversy. However, because the pending underlying action between Steenson and State Farm provides an equally serviceable remedy for resolution of the remaining issues between the parties, we do not find error in the district court's dismissal of this declaratory judgment action. Thus, for reasons other than those asserted by the district court, we affirm.

BACKGROUND
On July 28, 1997, Steenson was involved in an automobile accident with Campbell. At the time of the accident, Campbell was driving a vehicle owned by Harvey. Steenson's vehicle was insured by State Farm, Harvey's vehicle was insured by Allstate, and Campbell had no automobile insurance. Steenson made a claim on Allstate for the injuries he received as a result of the accident. Allstate investigated the claim and determined that Campbell was driving Harvey's vehicle without permission. Allstate denied the claim. Steenson then made a claim against State Farm, asserting that Campbell was an uninsured motorist.
On July 26, 2001, Steenson filed the underlying action against Campbell in the district court for Douglas County, seeking damages for the personal injuries he received in the July 28, 1997, automobile accident. This lawsuit is governed by a 4-year statute of limitations. See Neb.Rev.Stat. § 25-207 (Reissue 1995). The parties agree that the underlying action was later amended to include Steenson's claim against State Farm for uninsured motorist coverage, and State Farm appeared in the action.
On November 2, 2001, State Farm filed the instant declaratory judgment action against Allstate, Harvey, Campbell, and Steenson, seeking judgment in its favor declaring the following:
1. That no State Farm automobile insurance coverage exists under the uninsurance provision of the State Farm Policy for Defendant Steenson in any way relating to or arising out of the collision;
2. That State Farm is under no duty to either defend or pay any judgment in regard to the [underlying action]; and
3. That the terms of the Allstate policy obligate Allstate to indemnify and defend Campbell;
4. That Allstate wrongfully denied liability under the terms of its policy with Harvey;
5. Any other further just and equitable relief which this Court deems necessary.
*19 During the trial court proceedings, Steenson became realigned with State Farm.
On November 14, 2001, in the underlying action, Steenson filed a motion for order for substitute and constructive service of process upon Campbell, whom the parties could not locate. See Neb.Rev.Stat. § 25-519 (Cum.Supp.2000). On November 16, the district court granted the motion and authorized service on Campbell by publication. Publication occurred on January 16, 23, and 30, 2002.
The declaratory judgment action was scheduled for trial on February 10, 2003. On February 8, Allstate filed a motion seeking dismissal of the declaratory judgment action. Allstate claimed that Steenson had not obtained service of process upon Campbell within 6 months of the filing of the underlying action and that by operation of law under § 25-217, the underlying action stood dismissed. Allstate claimed that the declaratory judgment action had become nonjusticiable as a result of the dismissal of the underlying action. In sum, Allstate asserted that as a result of the dismissal of the underlying action, the issues in the declaratory judgment action had been rendered moot and required dismissal.
The parties waived their right to a jury trial, and two evidentiary hearings were conducted. At the first hearing, certain documentary exhibits, including the insurance policies, were received into evidence. One exhibit shows that Harvey had become an incapacitated person and that letters of guardianship had been issued. No live testimony was offered. The deposition of Campbell was received in lieu of live testimony. The substance of his testimony was that Harvey had given Campbell permission to drive Harvey's vehicle on July 28, 1997. At the second hearing, Allstate offered and the court received into evidence several pleadings and other documents relating to service of process in the underlying action. Included in these exhibits were the petition filed in the underlying action, the motion for constructive service, the order on constructive service, and the affidavit of proof of service.
At the conclusion of the second hearing, the district court stated that Campbell had not been served within 6 months of the filing of the petition in the underlying action and that as a result, the underlying action "was automatically dismissed pursuant to Neb.Rev.Stat. 25-217." In its written order, the district court stated that the court in the underlying action "lost jurisdiction to make any further orders, except those orders necessary to formalize the dismissal of the action." The district court also observed that the statute of limitations on the potential action by Steenson against Campbell had run on July 28, 2001, 2 days after the petition in the underlying action was filed. The district court reasoned that because there was no longer any claim against Campbell in the underlying action for which Allstate could be obligated to defend or indemnify, the declaratory judgment action which, in part, sought a declaration of rights concerning Campbell and Allstate should be dismissed. The district court dismissed the declaratory judgment action.
Steenson appealed, and State Farm cross-appealed.

ASSIGNMENTS OF ERROR
Steenson assigns nine errors. We find no merit to any of the errors assigned. Our discussion below is limited to Steenson's claim, restated, that the district court erred when it concluded that when only two of the three publications required under § 25-519 had occurred within the 6 months' timeframe provided in § 25-217, Campbell had not been served.
*20 State Farm, as appellee and cross-appellant, assigns four errors, all essentially claiming that the district court erred in dismissing the declaratory judgment action.

STANDARDS OF REVIEW
An action for declaratory judgment is sui generis; whether such action is to be treated as one at law or one in equity is to be determined by the nature of the dispute. Gast v. Peters, 267 Neb. 18, 671 N.W.2d 758 (2003).
In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the trial court. Mason v. City of Lincoln, 266 Neb. 399, 665 N.W.2d 600 (2003).
Determinations of factual issues in a declaratory judgment action treated as an action at law will not be disturbed on appeal unless they are clearly wrong. Spanish Oaks v. Hy-Vee, 265 Neb. 133, 655 N.W.2d 390 (2003).
Whether to entertain an action for declaratory judgment is within the discretion of the trial court. Bosselman, Inc. v. State, 230 Neb. 471, 432 N.W.2d 226 (1988); Continental Western Ins. Co. v. Farm Bureau Ins. Co., 2 Neb.App. 527, 511 N.W.2d 559 (1994).
A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. Schafersman v. Agland Coop, 268 Neb. 138, 681 N.W.2d 47 (2004).

ANALYSIS

Appeal: Failure to Complete Service by Publication.
Referring to the underlying action, Steenson claims on appeal that service by publication on Campbell two times within 6 months from the date the petition was filed was satisfactory service and that the district court erred when it concluded that the underlying action stood dismissed under § 25-217. Contrary to Steenson's claim, we agree with the district court's legal conclusion that in order for service by publication to be complete, all three publications must be accomplished within 6 months from the date the petition was filed and that service on Campbell was not complete. However, because State Farm had appeared in the underlying action, that action stood dismissed only as to Campbell and was not entirely dismissed as the district court stated.
The underlying action was filed on July 26, 2001, and we, therefore, refer to the statutory pleading procedure in effect at that time. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev.2003). The following statutes control our resolution of the legal question at issue:
At the time the declaratory judgment action was filed, § 25-217 provided: "An action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." Section 25-519 provided:
The publication shall be made once in each week for three successive weeks in some newspaper printed in the county where the petition is filed if there is any printed in such county and, if there is not, in some newspaper printed in this state of general circulation in that county. It must contain a summary statement *21 of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served when they are required to answer.
We also refer to Neb.Rev.Stat. § 25-821 (Reissue 1995), since repealed, in our consideration of this case. See 2002 Neb. Laws, L.B. 876 (operative date January 1, 2003). Section 25-821 provided: "The answer or demurrer of the defendant shall be filed within thirty days after service of the summons and petition or completion of service by publication. The reply or demurrer of the plaintiff shall be filed within fifteen days after the filing of the answer."
It is undisputed that the petition in the underlying action was filed on July 26, 2001, and service by publication occurred on January 16, 23, and 30, 2002. Although the third publication occurred later than 6 months after the petition was filed, under a variety of theories such as tolling and liberal construction of statutory language, Steenson invites this court to conclude that service on Campbell was sufficient for purposes of § 25-217. We reject this invitation.
The controlling statutes allow for service by publication which "shall be made once in each week for three successive weeks," § 25-519, and that "[t]he action shall stand dismissed ... as to any defendant not served within six months from the date the petition was filed," § 25-217. We read §§ 25-217 and 25-519 in pari materia. Arthur v. Microsoft Corp., 267 Neb. 586, 676 N.W.2d 29 (2004).
Looking at the language in §§ 25-217 and 25-519, it is clear that service on a defendant is not an evolutionary process as urged by Steenson, but, rather, an event accomplished at a definite point in time. In the case of substitute service by publication under § 25-519, service is not "made" until the third publication, and prior to the third publication, a defendant is "not served" under § 25-217. Our reading of these statutes is consistent with § 25-821, which, at the time the underlying case was commenced, provided for filing an answer or demurrer within 30 days after "completion of service by publication." Section 25-821 indicates that service must be completed, not partially completed, to be effective. In the case of service by publication, service is completed upon the third publication. Giving the controlling statutes their plain meaning, we conclude that where service by publication has been approved, a defendant is "not served within six months from the date the petition was filed" under § 25-217 unless the third publication under § 25-519 has occurred within 6 months from the date the petition was filed. The district court's conclusion to the same effect was correct, and Steenson's assignment of error challenging this conclusion is without merit.
Although the district court correctly concluded that Campbell had not been served in the underlying action, the district court further stated in its March 19, 2003, order that
on January 26, 2002, the [underlying] action ... was automatically dismissed pursuant to § 25-217, Neb.Rev.Stat. After that date, said action was no longer pending and the District Court of Douglas County, Nebraska, lost jurisdiction to make any further orders, except those orders necessary to formalize the dismissal of the action.
The latter pronouncement by the district court in which it concluded that the underlying action in its entirety was no longer pending was error.
Under § 25-217, a case stands dismissed "as to any defendant not served within six months from the date the petition *22 was filed." We read the expression "any defendant" to mean that dismissal is indicated as to that defendant who is "not served" but not all defendants in the action. See Webster's Third New International Dictionary of the English Language, Unabridged 97 (1993) (defining "any" as "one or some indiscriminately of whatever kind"). Referring to the underlying action, it is agreed that State Farm had appeared in the underlying action and that although Campbell was not served, dismissal of State Farm was not warranted under § 25-217. Because the district court believed that the underlying action stood dismissed, it reasoned that there was no justiciable controversy among or between the parties in the declaratory judgment action and dismissed the instant declaratory judgment case. The district court's reasoning was flawed.
In the underlying personal injury action, Steenson sought to recover from Campbell, the driver of the other vehicle, who was allegedly at fault. Had Campbell been served and if it was established that he was negligent, and it was further established that Campbell was driving Harvey's vehicle with permission, recovery may well have been forthcoming from Harvey's insurance carrier, Allstate. If, however, it was established that Campbell was driving Harvey's vehicle without permission, then Steenson would seek recovery from his own carrier, State Farm, based on uninsured coverage. Because Campbell was not served within 6 months of the date the petition was filed in the underlying action, and given that the 4-year statute of limitations on Steenson's negligence claim against Campbell has run, Steenson cannot recover from Campbell on the basis alleged in his petition in the underlying action and Harvey's insurance carrier, Allstate, has no obligation to defend or indemnify. However, because the issue of whether or not Campbell was driving Harvey's vehicle with permission has not been determined, and the resolution of this issue impacts State Farm's obligation to Steenson, there remains a real controversy between Steenson and State Farm. The issue of whether Campbell was driving Harvey's vehicle with permission is implicit in the underlying action, and such action is still pending between Steenson and State Farm.

Cross-Appeal: Dismissal of Declaratory Judgment Action.
The district court dismissed the instant declaratory judgment action. On cross-appeal, State Farm claims that this ruling was error and asks this court to reverse the district court's order of dismissal so that the permission issue can be resolved herein. In this regard, State Farm notes that the issue of whether Campbell was driving Harvey's vehicle with permission awaits resolution and that the district court's statement that there were no justiciable issues was error. We agree with State Farm that the permission issue remains viable. However, in view of the pendency of the underlying action between Steenson and State Farm, the resolution of this issue need not occur in the declaratory judgment action. Thus, for reasons other than those asserted by the district court, we reject State Farm's argument and affirm the district court's dismissal of this declaratory judgment action. See Dean v. Yahnke, 266 Neb. 820, 670 N.W.2d 28 (2003) (stating that when record adequately demonstrates that trial court's decision is correct, although such correctness is based on ground or reason different from that assigned by trial court, appellate court will affirm).
Section 25-21,154 provides as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered *23 or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." We have long stated that this provision indicates discretionary rather than mandatory power. Haynes v. Anderson, 163 Neb. 50, 77 N.W.2d 674 (1956). Under Nebraska appellate authority, whether to entertain an action for declaratory judgment is within the discretion of the trial court. Bosselman, Inc. v. State, 230 Neb. 471, 432 N.W.2d 226 (1988); Continental Western Ins. Co. v. Farm Bureau Ins. Co., 2 Neb.App. 527, 511 N.W.2d 559 (1994). We have said that actions for declaratory judgment are not to be entertained where another equally serviceable remedy has been provided by law, nor are they to be used to create new causes of action or cumulative remedies. Barelmann v. Fox, 239 Neb. 771, 478 N.W.2d 548 (1992); Continental Western Ins. Co. v. Farm Bureau Insurance Co., supra.
In Sim v. Comiskey, 216 Neb. 83, 85, 341 N.W.2d 611, 612 (1983), relying on Strawn v. County of Sarpy, 146 Neb. 783, 21 N.W.2d 597 (1946), we stated that the rule in declaratory judgment actions is that "relief will not be entertained if there is pending, at the commencement of the declaratory action, another action or proceeding to which the same persons are parties and in which are involved, and may be adjudicated, the same issues involved in the declaratory action." In view of the failure of service on Campbell and the consequent relief afforded to Allstate in the underlying action, the controversy has been distilled to Steenson and State Farm involving the permission issue. Because the underlying action was pending at the commencement of this declaratory judgment action and the availability of witnesses is comparable in both cases, the permission issue can be adjudicated in the underlying action and the declaratory judgment action should not be entertained. See id. Accordingly, the district court's dismissal of the declaratory judgment action, albeit for different reasons, was correct and is affirmed.

CONCLUSION
Finding no merit to the appeal or cross-appeal, the district court's dismissal of this declaratory judgment action is affirmed.
AFFIRMED.
WRIGHT, J., participating on briefs.