MEIERHENRY, Justice
(concurring in part and dissenting in part).
[¶ 25.] I agree that Met Life waived the issue of personal jurisdiction. I disagree, however, that the circuit court erred when it denied subrogation.
[¶ 26.] As we have stated, “[i]t is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid.” Parker v. Hardy, 73 S.D. 247, 248, 41 N.W.2d 555, 556 (1950). Even though subrogation may be provided by contract, the concept of subrogation originated in equity. We have explained, “ ‘[subrogation is an equitable doctrine and depends upon a just resolution of a dispute under a particular set of facts.’ ” Julson v. Federated Mut. Ins. Co., 1997 SD 43, ¶ 8, 562 N.W.2d 117,120 (citation omitted). Therefore, even if an insured’s right of subrogation arises from contract, we cannot ignore the equitable origin of that right.
[¶27.] Because of its origin in equity, subrogation is subject to the principles of equity. As the Nebraska Supreme Court explained:
It is well established that in the absence of an express provision to the contrary, an insurance policy reaffirms the rights of parties relative to subrogation but does not alter the fundamental principles pertaining to subrogation. Therefore, if a contractual right of subrogation is merely the usual equitable right which would have existed in any event in the absence of a contract, equitable principles control subrogation.
Cont’l W. Ins. Co. v. Swartzendruber, 253 Neb. 365, 370, 570 N.W.2d 708, 711 (1997) (citations omitted) (emphasis added). One principle to which subrogation is subject is the “made whole” doctrine, which states that an insured’s right to subrogation arises only when the insured receives compensation for all of the loss it incurred. See id. at 371, 570 N.W.2d at 712 (“Under principles of equity, an insurer is entitled to subrogation only when the insured has received, or would receive, a double payment by virtue of an insured’s recovering payment of all or part of those same damages from the tort-feasor.”). Therefore, a subrogation clause in an insurance con *390 tract does not necessarily preclude application of the “made whole” doctrine.
[¶ 28.] Our cases, however, have not recognized these generally accepted principles of equity. See Westfield Ins. Co. v. Rowe, 2001 SD 87, 631 N.W.2d 175; Jul-son, 1997 SD 43, 562 N.W.2d at 117. In fact, a prominent insurance law commentator deemed our decision in Julson “authority to the contrary” of the general rule that an insurer is entitled to subrogation only after an insured has been made whole. 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 223:134 (3d ed 2000). Both Westfield and Julson refused to invoke the “made whole” doctrine because no contractual provision required that the insured be made whole before the insurer sought subrogation. For example, the provision at issue in Westfield stated:
“If we make a payment under this policy and:
a. The person to or for whom payment was made has a right to recover damages from another, we shall be subrogat-ed to that right ...
b. The person to or for whom payment is made recovers damages from another, that person shall: (1) hold in trust for us the proceeds of the recovery and (2) reimburse us to the extent of our payment.”
2001 SD 87, ¶ 15, 631 N.W.2d at 180. The Court concluded that because the insured could “point to no language in the policy or statutory authority which restricts this right of subrogation to instances where the insured has been made whole,” subrogation was appropriate. Id.
[¶ 29.] This case, however, presents a situation ripe for application of the “made whole” rule. The contract provision at issue here merely restates the equitable principle of subrogation; it benefits neither the insurer nor the insured. As Met Life stresses, the provision does not condition its right to subrogation on the insureds being made whole. Cf. Julson, 1997 SD 43, ¶ 12, 562 N.W.2d at 121 (“It is undisputed that there is no statement in the policy requiring [insureds] to be made whole before subrogation may arise”). On the other hand, neither does the provision give Met Life’s subrogation right priority over Lester regarding damages recovered from Weter. There is no language requiring payments to be “held in trust,” and there is no language precluding the application of the “made whole” doctrine.
[¶ 30.] Because the contract provision does not unambiguously abrogate the doctrine, the generally accepted, based-in-equity “made whole” doctrine should apply. Therefore, in the absence of an express limitation, the circuit court correctly concluded that the provision “is a little short.” The “made whole” doctrine precludes Met Life from seeking subrogation until Lester has received full compensation for his damages.
[¶ 31.] The “made whole” doctrine is based on the theory that “where the sum recovered by the insured from the tortfea-sor is less than the total loss and thus, either the insured or the insurer must to some extent go unpaid, the loss should be borne by the insurer for that is a risk the insured has paid it to assume.” DeTienne Assocs. Ltd. P’ship. v. Farmers Union Mut. Ins. Co., 266 Mont. 184, 190, 879 P.2d 704, 708 (1994); see also Julson, 1997 SD 43, ¶ 10, 562 N.W.2d at 121 (quoting a New York Court of Appeals case stated that “[t]he [‘made whole’] rule is based upon the nature of the relationship between the insurer and the insured — if the loss of one of the two must go unsatisfied, it should be the insurer who has been paid to assume the risk of loss.”). This logic is especially relevant here, in light of our well-settled rule of liberal construction in favor of the insured. See Culhane v. W. Nat’l. Mut. *391 Ins. Co., 2005 SD 97, ¶ 19, 704 N.W.2d 287, 293. Because the contract is silent regarding the “made whole” doctrine, we should construe it in favor of Lester. The majority’s decision does the opposite.
[¶ 32.] More important, in the absence of a subrogation clause, this Court would undoubtedly allow an insurer to subrogate based on the equitable principles of subro-gation. In the absence of specific language to the contrary, the insured should also be allowed to invoke the equitable principles of subrogation — in this case, the “made whole” doctrine. The principle of fairness inherent in equity should run to both the insurer and the insured.
[¶ 33.] For these reasons, I would affirm the trial court.